UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**JUSTIN RUEDA, individually, and**　　　　　　　　　　Case No.:
**JUSTIN RUEDA and JANET ECHEVARRIA-**
**CABRET, jointly,**

     *Plaintiffs,*

v.

**COINBASE INC., and SPACE**
**COAST CREDIT UNION,**

     *Defendants,*
_____/

# PLAINTIFF'S COMPLAINT
# WITH JURY DEMAND

1. Plaintiffs, JUSTIN RUEDA ("Mr. Rueda" or "Plaintiff") and JANET ECHEVARRIA-CABRET ("Mrs. Cabret" or "Plaintiff") by and through the undersigned counsel files their Complaint against Defendants, COINBASE INC. ("Defendant" or "Coinbase") and SPACE COAST CREDIT UNION ("Space Coast") for violations of the Electronic Funds Transfer Act, ("EFTA"), 15 U.S.C. § 1693, *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

3. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Miami Dade County, Florida.

## PARTIES

4. Plaintiffs are natural persons who, always relevant to this action, were residents of Miami Dade County, Florida.

5. Plaintiffs are "consumers" as defined by the EFTA, 15 U.S.C. § 1693a(6).

6. Coinbase and Space Coast are each separately and individually, a financial institution as defined by the EFTA, 15 U.S.C. § 1693a(9).

7. Because Defendants conduct business within the State of Florida, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs resides in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## STATUTORY FRAMEWORK AND PURPOSE

9. "The purpose of the Electronic Fund Transfers Act is to "provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." *See* 15 U.S.C. § 1693(b)(1988). Its primary objective "is the provision of individual consumer rights." *Id. See Curde v. Tri-City Bank Trust Co.*, 826 S.W.2d 911 (Tenn. 1992).

10. The EFTA is aimed at reducing "potential fraud by mandating measures that could alleviate problems associated with conducting fund transfers without any human interaction." *See Foreman v. Bank of Am.*, 401 F. Supp. 3d 914, 923 (N.D. Cal. 2019).

11. The "lack of a written record" and the "absence of any human contact" in electronic fund transfers were factors that "motivated Congress to pass the EFTA.") *See Id.* (citing *Kashanchi v. Texas Commerce Med. Bank*, 703 F.2d 936, 940–41 (5th Cir. 1983).

12. Congress passed the EFTA because of its concern that electronic transactions were "much more vulnerable to fraud, embezzlement, and unauthorized use than the traditional payment methods." *See Id.* (citing H.R. Rep. No. 95–1315, at 2 (1978).

13. "The legislation was designed to create rights for the consumer and help bring certainty to an era of banking which was fast becoming faceless, an era wherein banking could be conducted almost exclusively through machines.") *See Id.* (quoting *Spain v. Union Tr.*, 674 F. Supp. 1496, 1500 (D. Conn. 1987) (citing S. Rep. No. 95-915, at 3 (1978)).

14. "EFTA requires a bank to investigate such disputed transactions, to notify the customer if it has verified the transactions as authorized, and to recredit the account if the withdrawals were unauthorized; failure to do so renders the bank liable to the customer for up to treble damages." *See Merisier v. Bank of Am., N.A.*, 688 F.3d 1203, 1204 (11th Cir. 2012).

15. The EFTA requires that "[f]or each electronic fund transfer initiated by a consumer from an electronic terminal, the financial institution holding such consumer's account shall, directly or indirectly, at the time the transfer is initiated, make available to the consumer written documentation of such transfer." *See* 15 U.S.C. § 1693d(a). The EFTA also requires that "[i]f a financial institution, within sixty days after having transmitted to a consumer documentation . . . receives oral or written notice in which the consumer" provides adequate notice of an error "the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days." *See* 15 U.S.C. § 1693f(a).

16. "Under the EFTA, 'electronic fund transfer' essentially means any transfer of funds initiated through a computer terminal or telephone, where a financial institution is authorized to debit or credit an account. *See* 15 U.S.C. § 1693a(7). This includes point-of-sale transfers (i.e., debit card transactions), ATM transactions, direct deposits, and telephonic transfers. Id." *Charvat v. Mut. First Fed. Credit Union*, 725 F.3d 819, 822 n.1 (8th Cir. 2013).

17. An action pursuant to the EFTA must be commenced "within one year from the date of the occurrence of the violation." *See* 15 U.S.C § 1693m(g). With respect to a failure to investigate claim, "'[i]n light of the ten-day statutory period within which a financial institution must provide a response,' the statute of limitations begins to run ten days after the consumer provides the oral or written notice of the alleged error to the financial institution." *See Golden-Koether v. JPMorgan Chase Bank, N.A.*, No. 11-3586 (MLC), 2011 WL 6002979, at *2 (D.N.J. Nov. 29, 2011) (citing *Berenson v. Nat'l Fin. Servs., LLC*, 403 F. Supp. 2d 133, 145.(D. Mass. 2005)).

18. "[T]he notice provision 'applies to each and every statement on which an unauthorized transfer appears." *See Trang v. JPMorgan Chase Bank,* 3:22-cv- 01744-HZ at *11 (D. Or. Sep. 19, 2023).

19. "With each new bank statement, Plaintiff [has] a new 60-day window in which to report the new unauthorized transfers on that statement to Defendant and trigger Defendant's obligation to investigate." *Id.* at *12.

## FACTUAL ALLEGATIONS COMMON TO EFTA CLAIMS AGAINST COINBASE AND EFTA CLAIMS AGAINST SPACE COAST

20. At all times relevant to the complaint, Plaintiff Mr. Rueda had an individual cryptocurrency trade account with Coinbase and Plaintiffs Mr. Rueda and Mrs. Echevarria-Cabret had a joint free checking account at Space Coast Credit Union. The Plaintiff's Space Coast Credit Union debit card was the only external payment method linked to the Coinbase account.

21. Plaintiffs' accounts were primarily for personal, family and household use. They were not business or commercial accounts.

22. Plaintiffs are victims of identity fraud. The perpetrator, who is unknown to Mr. Rueda and Mrs. Echevarria-Cabret, gained access to Mr. Rueda's Coinbase account and executed at least two withdrawals totaling thousands of dollars.

23. On August 17, 2024, the Coinbase account was compromised using stolen credentials and intercepted two-factor authentication codes. The fraudster then liquidated Mr. Rueda's cryptocurrency and withdrew $4,997.00 and $3,150 on August 22, 2024. Coinbase's support email of August 22, 2024, confirmed the hack was "irreversible." Despite the provisions of the EFTA, Coinbase further stated in the email, "Please note that all unauthorized transactions are irreversible … the account holder … [is] responsible for any activity that occurs when those … credentials are compromised," thereby denying Plaintiffs any refund.

24. Five days later, on August 28, 2024, nine (9) identical point-of-sale debits, each for $700.00 and coded "COINBASE https://www.f CAUS," hit the Space Coast checking account in rapid succession, clearing $6,300.00 and plunging the account balance negative.

25. Plaintiffs telephoned Space Coast the same day, reported the withdrawals as fraud, and were told VISA's dispute team would investigate.

26. On August 28, 2025, two days after receiving notice of the fraud, Space Coast applied nine(9) provisional credits of $700.00 each, fully restoring the $6,300.00 pending VISA's investigation.

27. Fifty-two days later on October 19, 2024, and without further communication, Space Coast reversed each and every dollar of the provisional credit in nine (9) separate "withdrawal deny" entries of $700.00 leaving the account overdrawn. The same day Space Coast mailed a form letter to the Plaintiffs stating the charges were "valid" and the provisional credit was removed.

28. Between October 19, 2024, and October 28, 2024, Plaintiffs made repeated calls to Space Coast seeking documents and reconsideration; however, none were provided.

29. Coinbase has refused to refund the August 22, 2024, cyptocurrency withdrawals asserting that Plaintiffs are "responsible to any activity when [their] credentials are compromised."

30. Space Coast, relying on Visa's singe-page denial, has likewise refused to restore the $6,300 or produce investigation materials, despite written requests referencing 15 U.S.C. §1694f(d).

31. Coinbase's attempt to hold Mr. Rueda liable for the fraudulent transactions directly violates the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, et seq., which protected consumers from liability for unauthorized transfers.

32. Space Coast's attempt to hold Mr. Rueda and Mrs. Cabret liable for the fraudulent transactions directly violates the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, et seq., which protected consumers from liability for unauthorized transfers.

33. Plaintiffs never authorized the fraudster to withdraw or transfer money from the accounts.

34. Plaintiffs do not know the fraudster and did not act in concert with the fraudster.

35. Plaintiffs remain out-of-pocket $6,300 in bank funds and approximately $8,147 in converted cryptocurrency, have incurred overdraft/late fees and negative credit inquiries, and continue to experience anxiety, anger, frustration and disruption of household finances.

36. On June 27, 2025, Mr. Rueda filed an identity theft report with the Federal Trade Commission.

## COUNT I – VIOLATIONS OF 15 U.S.C. §1693f(e)
## BY PLAINTIFF JUSTIN RUEDA AGAINST COINBASE

37. Plaintiff Justin Rueda incorporates by reference paragraphs 1 - 36 of this Complaint as if fully set forth herein.

38. The EFTA and Regulation E apply to electronic fund transfers that authorize a financial institution to debit or credit a consumer's account. 12 C.F.R. 1005.3(a)

39. The Electronic Fund Transfer Act ("EFTA") and Regulation E apply to electronic fund transfers that authorize a financial institution to debit or credit a consumer's account. 12 C.F.R. 1005.3(a).

40. Plaintiff's communication to Coinbase in August 2024 when he explained that he did not authorize the transfers constituted notification to Coinbase of an error under § 1693f. As a result of a notification complying with § 1693f, Coinbase was obligated to investigate the error and determine whether an error has occurred.

41. After the investigation, the financial institution must determine whether an error has occurred and report or mail the results of such investigation and determination to the consumer within ten (10) business days. Id.

42. If a financial institution provides a provisional credit in the first 10 days for the amount disputed, then the financial institution is afforded forty-five (45) days after receipt of notice of error to investigate. Id. § 1693f(c).

43. Under the EFTA, an error includes "an unauthorized electronic fund transfer." Id. §1693f)f)

44. Because Plaintiff did not give actual authority to the fraudster to initiate the transfers, the transactions initiated by the fraudster constituted unauthorized electronic fund transfers under §1693a(12).

45. These transactions do not qualify for the exception under §1693a(12)(A) because Plaintiff did not "furnish" the fraudster with access to any of his devices; instead, as provided in 12 C.F.R. § 1005.2, the transfers were initiated by a person who obtained access from Plaintiff through fraud and therefore constitute unauthorized electronic fund transfers. See, e.g., Official Interpretation of the Regulation E, regarding 12 C.F.R. 1005.2(m)(3).

46. As a direct and proximate result of Defendant's violations of the EFTA, Plaintiff is entitled to an award of statutory and actual damages as well as attorney's fees and costs.

47. Because Defendant did not provisionally recredit Plaintiff's account within the 10 day period specified in §1693f(c) and did not make a good faith investigation of the alleged error, Defendant's conduct violates §1693f(e), entitling Plaintiff to treble damages.

48. Additionally, because Defendant did not have a reasonable basis for believing that Plaintiff's account was not accessed in error, Defendant's conduct violates § 1693f(e), entitling Plaintiff to treble damages.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

    a. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

    b. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

    c. Treble damages pursuant to 15 U.S.C. § 1693f(e);

    d. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3); and,

    e. All other relief the Court deems just and proper.

### COUNT II – VIOLATION OF 15 U.S.C. §1693f(d) AGAINST COINBASE BY PLAINTIFF JUSTIN RUEDA

49. Plaintiff incorporates by reference paragraphs 1 - 36 of this Complaint as if fully set forth herein.

50. Plaintiff's communication to Coinbase in August 2024 when he explained that he did not authorize the transfers constituted notification to Coinbase of an error under § 1693f

51. Under the EFTA, an error includes "an unauthorized electronic fund transfer." Id. § 1693f(f).

52. Because Plaintiff did not give actual authority to the fraudster to initiate the transfers, the transactions initiated by the fraudster constituted unauthorized electronic fund transfers under §1693a(12).

53. As a result of a notification complying with § 1693f, Coinbase was obligated to investigate the error and determine whether an error has occurred.

54. When Coinbase determined that an error did not occur, it was obligated to deliver or mail Plaintiff an explanation of its findings within 3 business days after the conclusion of its investigation, and upon request of Plaintiff promptly deliver or mail to the consumer reproductions of all documents which the financial institution relied on to conclude that such error did not occur. § 1693f(d).

55. Coinbase has never delivered or mailed Plaintiff any materials related to its determination that an error did not occur.

56. As reflected in the drafting of §1693f(d), a critical part of a good faith investigation under the EFTA is informing the subject of the investigation of the reasons for the finding and the documents relied upon in making determinations.

57. Coinbase's failure to do so prevents accountholders like Plaintiff from learning the full basis for Coinbase's decision, potentially limiting their ability to successfully resolve their dispute, pursue their full rights, obtain additional information about the allegedly unauthorized charges, and fully understand the reasons for the adverse resolution of the dispute.

58. A consumer's right to the notice in question—i.e. notice of the right to examine the documents relied upon by the Bank in making the adverse determination—is a procedural right which protects plaintiff's concrete interests. Violation of that right presents a "risk of real harm" to that concrete interest.

59. Failure to comply with §1693f(d)'s requirement of the documents used in the investigation entitles Plaintiff to statutory damages pursuant to § 1693m(a) as well as attorney's fees and costs.

60. For the reasons explained above, Coinbase's failure to provide the reasons for its error determinations also constitutes a failure to make a good faith investigation, a violation of § 1693f(e), entitling Plaintiff to treble damages.

   WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

   a.  Actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

   b.  Statutory damages of $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

   c.  Treble damages pursuant to 15 U.S.C. § 1693f(e);

   d.  Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3); and,

   e.  All other relief the Court deems just and proper.

### COUNT III – VIOLATIONS OF 15 U.S.C. §1693g AGAINST COINBASE BY PLAINTIFF JUSTIN RUEDA

61. Plaintiff incorporates by reference the allegations in paragraphs 1 – 36 as if fully stated herein.

62. The Electronic Fund Transfer Act ("EFTA") places sharp limitations on consumer liability for unauthorized transactions. § 1693g.

63. By holding Plaintiff responsible for the full amount of the unauthorized transfer rather than the limits set forth by § 1693g(a), Coinbase has violated the EFTA.

64. Failure to comply with the limits set forth by §1693g(a) entitles Plaintiff to statutory damages pursuant to § 1693m(a) as well as attorney's fees and costs.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

b. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

c. Treble damages pursuant to 15 U.S.C. § 1693f(e);

d. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3); and,

e. All other relief the Court deems just and proper.

### COUNT IV – VIOLATIONS OF 15 U.S.C.§1693f(e) AGAINST SPACE COAST BY PLAINTIFFS JUSTIN RUEDA AND JANET ECHEVARRIA-CABRET

65. Plaintiffs incorporate by reference paragraphs 1-36 as if fully set forth herein.

66. The EFTA and Regulation E apply to electronic fund transfers that authorize a financial institution to debit or credit a consumer's account. 12 C.F.R. 1005.3(a).

67. Regulation E section 1005.2(i) defines financial institutions under EFTA and Regulation E to include banks, savings associations, credit unions, and: any other person that directly or indirectly holds an account belonging to a consumer. *See* 12 C.F.R. 1005.2(i).

68. Space Coast directly held a joint checking account belonging to Plaintiffs because it issued fraudulent debits and communicated with Plaintiffs during the period they were disputing the transactions.

69. Plaintiffs' contacts with Space Coast where they explained that they did not authorize the transfers constituted notification to Space Coast of an error under § 1693f.

70. As a result of a notification complying with § 1693f, Space Coast was obligated to investigate the errors and determine whether any errors had occurred.

71. After the investigation, the financial institution must determine whether an error has occurred and report or mail the results of such investigation and determination to the consumer within ten (10) business days. *Id*.

72. If a financial institution provides a provisional credit in the first 10 days for the amount disputed, then the financial institution is afforded forty-five (45) days after receipt of notice of error to investigate. *Id*. § 1693f(e).

73. Under the EFTA, an error includes "an unauthorized electronic fund transfer." *Id*. § 1693f(f).

74. Because Plaintiff did not give actual authority to the fraudster to initiate the transfers, the transactions initiated by the fraudster constituted unauthorized electronic fund transfers under §1693a(12).

75. These transactions do not qualify for the exception under §1693a(12)(A) because Plaintiffs did not "furnish" the fraudster with access to any of their accounts; instead, as provided in 12 C.F.R. § 1005.2, the transfers were initiated by a person who obtained access from Plaintiff through fraud and therefore constitute unauthorized electronic fund transfers. *See, e.g.,* Official Interpretation of the Regulation E, regarding 12 C.F.R. 1005.2(m)(3).

76. As a direct and proximate result of Space Coast's violations of the EFTA, Plaintiffs are entitled to an award of statutory and actual damages as well as attorney's fees and costs.

77. Although Space Coast did provisionally recredit Plaintiff's account within the 10-day period specified in §1693f(e), it did not make a good faith investigation of the alleged error and/or lacked a reasonable basis for believing the consumer's account was not error and therefore Defendant's conduct violates §1693f(e), entitling Plaintiff to treble damages.

78. Additionally, because Space Coast did not have a reasonable basis for believing that Plaintiff's account was not accessed in error, Space Coast's conduct violates § 1693f(e), entitling Plaintiff to treble damages.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

  a. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1);
  b. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);
  c. Treble damages pursuant to 15 U.S.C. § 1693f€;
  d. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3); and,
  e. All other relief the Court deems just and proper.

### COUNT V – VIOLATIONS OF 15 U.S.C. §1693f(d) AGAINST SPACE COAST BY PLAINTIFFS JUSTIN RUEDA AND JANET ECHEVARRIA-CABRET

79. Plaintiff incorporates by reference paragraphs 1 – 36 of this Complaint as if fully set forth herein.

80. Plaintiff's call to Space Coast in August 2024 when they explained that they did not authorize the transfers constituted notification to Space Coast of an error under § 1693f.

81. Under the EFTA, an error includes "an unauthorized electronic fund transfer." *Id*. § 1693f(f).

82. Because Plaintiff did not give actual authority to the fraudster to initiate the transfers, the transactions initiated by the fraudster constituted unauthorized electronic fund transfers under §1693a(12).

83. As a result of a notification complying with § 1693f, Space Coast was obligated to investigate the error and determine whether an error has occurred.

84. When Space Coast determined that an error did not occur, it was obligated to deliver or mail Plaintiffs an explanation of its findings within 3 business days after the conclusion of its investigation, and upon request of Plaintiffs promptly deliver or mail to the consumer reproductions of all documents which the financial institution relied on to conclude that such error did not occur. § 1693f(d).

85. Space Coast has never delivered or mailed Plaintiff any materials related to its determination that an error did not occur.

86. As reflected in the drafting of §1693f(d), a critical part of a good faith investigation under the EFTA is informing the subject of the investigation of the reasons for the finding and the documents relied upon in making determinations.

87. Space Coast's failure to do so prevents accountholders like Plaintiffs from learning the full basis for Space Coast's decision, potentially limiting their ability to successfully resolve their dispute, pursue their full rights, obtain additional information about the allegedly unauthorized charges, and fully understand the reasons for the adverse resolution of the dispute.

88. A consumer's right to the notice in question—*i.e.* notice of the right to examine the documents relied upon by the Bank in making the adverse determination—is a procedural right which protects plaintiffs' concrete interests. Violation of that right presents a "risk of real harm" to that concrete interest.

89. Failure to comply with §1693f(d)'s requirement of the documents used in the investigation entitles Plaintiffs to statutory damages pursuant to § 1693m(a) as well as attorney's fees and costs.

90. For the reasons explained above, Space Coast's failure to provide the reasons for its error determinations also constitutes a failure to make a good faith investigation, a violation of § 1693f(e), entitling Plaintiffs to treble damages.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

 a. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

 b. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

 c. Treble damages pursuant to 15 U.S.C. § 1693f€;

 d. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3); and,

 e. All other relief the Court deems just and proper.

### COUNT VI – VIOLATIONS OF 15 U.S.C. §1693g AGAINST SPACE COAST BY JUSTIN RUEDA AND JANET ECHEVARRIA—CABRET

91. Plaintiff incorporates by reference the allegations in paragraphs 1-36 as if fully stated herein.

92. The EFTA places sharp limitations on consumer liability for unauthorized transactions. § 1693g.

93. By holding Plaintiffs responsible for the full amount of the unauthorized transfers rather than the limits set forth by § 1693g(a), Space Coast has violated the EFTA.

94. Failure to comply with the limits set forth by §1693g(a) entitles Plaintiffs to statutory damages pursuant to § 1693m(a) as well as attorney's fees and costs.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

 a. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

    b.    Statutory damages of $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

    c.    Treble damages pursuant to 15 U.S.C. § 1693f(e);

    d.    Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3); and,

    e.    All other relief the Court deems just and proper.

## **JURY DEMAND**

95. Plaintiffs demand a trial by jury on all issues so triable.

Dated: July 17, 2025

                                            Respectfully Submitted,
SHARMIN & SHARMIN, P.A.
*/s/ Eiman Sharmin*
EIMAN SHARMIN, Esq.
Fla. Bar. No. 716391
eiman@sharminlaw.com
830 North Federal Highway
Lake Worth, FL 33460
Main: 561-655-3925
Fax: 844-922-1021
*Attorneys for Plaintiff*