**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**JUSTIN RUEDA and JANET CABRET,**

    *Plaintiffs,*

**CASE NO.: 1:25-cv-23207-JEM**

v.

**COINBASE, INC., et al.,**

    *Defendants.*
_____/

**JOINT SCHEDULING REPORT**

Plaintiffs Justin Rueda and Janet Cabret ("Plaintiffs"), and Defendants Coinbase, Inc. ("Coinbase") and Space Coast Credit Union ("Space Coast") submit this Joint Scheduling Report following a Fed. R. Civ. P. 26(f) telephone conference among all parties that occurred on October 10, 2025. Based on the conference, the parties respectfully request that this case be assigned to the Standard Case Management Track and enter a Scheduling Order consistent with this Joint Scheduling Report.

    A.  **Likelihood of Settlement**

The parties are engaged in on-going settlement discussions and are hopeful that a settlement can be reached in the near future.

    B.  **Likelihood of Appearance in the Action of Additional Parties**

The parties do not anticipate the appearance of any additional plaintiff or defendants. However, should any additional parties be identified at a later date, the parties agree to move to add or join any such party in compliance with the deadline identified in this Joint Scheduling Report in the low chance that additional parties are identified at a later date.

C. **Proposed Limits on the Time**

Rule 26(a)(1)(A) Initial Disclosures

Currently, the parties' Rule 26(a)(1)(A) Initial Disclosures are due to be exchanged on or before October 24, 2025. However, in light of on-going settlement negotiations, the parties believe that commencing discovery may complicate the negotiations. Therefore, the parties request that Rule 26(a)(1)(A) Initial Disclosures be exchanged on or before twenty-one (21) days following the Defendants' answer or the Court's resolution of Defendants' other responsive pleading to the Complaint, whichever is later.

Joinder of Additional Parties and Motions to Amend the Pleading

Any party may file a motion to join additional parties or to amend the pleadings on or before January 15, 2026.

Fact Discovery Completion

All fact discovery shall be completed on or before June 5, 2026.

Expert Discovery Completion

The parties do not anticipate expert discovery but reserve the ability to conduct expert discovery, with all expert discovery completed on or before August 5, 2026.

Dispositive Motions

The parties will file simultaneous dispositive motions on or before October 9, 2026.

Pretrial Motions

The parties will file motions in limine and, if applicable, Daubert motions on or before December 1, 2026.

Pretrial Conference and Trial

The parties request a pretrial conference be held on April 12, 2027, at 1:45 P.M., based on a trial commencing on April 19, 2027.

**D. Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment**

The parties discussed the simplification of this matter, including through elimination or consolidation of claims and defenses, if possible, but did not agree to any amendments of the claims. The parties will evaluate the simplification of this matter on an ongoing basis. The parties agreed to the motion for summary judgment schedule indicated above.

**E. The Necessity or Desirability of Amendments to the Pleadings**

The parties do not anticipate amending the pleadings at this time but reserve the right to do so if necessary.

**F. The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence**

a) The parties agree to the elimination of evidentiary issues with respect to the authenticity of documents received via subpoena except that a party may object to the authenticity of those documents within thirty (30) days of receiving them. The parties further agreed to the authentication of documents produced by the parties themselves by usage of appropriate stipulations as to admissibility to the extent mutually agreeable.

b) The parties agreed to discuss the specifics of ESI, with reference to the Court's ESI Checklist (https://www.flsd.uscourts.gov/forms/esi-checklist), as well as the need for a protective order to protect confidential and sensitive, non-public information,

      following the exchange of the parties' Rule 26(a)(1)(A) Initial Disclosures.

    c) After discovery has been conducted, the parties will confer regarding the possibility of obtaining additional admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof. The parties are not aware at this time of the need for advance rulings on admissibility of evidence.

**G. Suggestions for the avoidance of unnecessary proof and of cumulative evidence**

The parties suggestions are contained in the previous sections.

**H. Suggestions on the advisability of referring matters to a Magistrate Judge or master**

The parties agree that all discovery disputes shall be resolved by the assigned Magistrate. The parties do not agree on any additional matters being referred to the Magistrate other than those already required by rule.

**I. Preliminary Estimate of the Time Required for Trial:**

Based on what is known at this time, counsel estimates that at trial they may require:

**Plaintiff**: approximately __10__ in-court hours;

**Coinbase:** approximately __7__ in-court hours;

**Space Coast:** approximately __7__ in-court hours;

*Estimated Trial Time:* __5__ *days*.

**J. Requested Date or Dates of Conferences Before Trial, Final Pretrial Conference and Trial:**

The parties request that a trial date be set for **April 19, 2027**, with a pretrial conference to be set on **April 12, 2027**. A settlement conference, other than mediation, may be beneficial prior to a final pretrial conference.

K. **<u>Any issues about:</u>**

    (i)    disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

The parties agreed to discuss the specifics of ESI, with reference to the Court's ESI Checklist (https://www.flsd.uscourts.gov/forms/esi-checklist), as well as the need for a protective order to protect confidential and sensitive, non-public information, following the exchange of the parties' Rule 26(a)(1)(A) Initial Disclosures. The parties anticipate incorporating the form or forms of production into those documents.

    (ii)    claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and

The parties are not aware of any issues at this time. The parties agree that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

The parties agree that inadvertent disclosure of information protected by the attorney-client and/or work product privilege shall not constitute a waiver of an otherwise valid claim of privilege. The scope of the parties' agreement as to this item will be incorporated into the parties' stipulated ESI agreement or any protective order.

L. **<u>Other Information That Might Be Helpful to the Court in Setting the Case for Status or Pretrial Conference</u>**

None at this time.

**J.  Whether any party intends to use an expert and if so, the type of expert each party intends to use**

It is unknown whether either party intends to use an expert at this time; however, any experts shall be disclosed pursuant to this Court's scheduling order

Dated: October 24, 2025

*Respectfully Submitted,*

| | |
|---|---|
| **SHARMIN & SHARMIN, P.A.** | **KELLEY DRYE & WARREN LLP** |
| 830 North Federal Highway | 333 W. Wacker Dr., Suite 2600 |
| Lake Worth, FL 33460 | Chicago, IL 60606 |
| Telephone: 561-655-3925 | Telephone: (305)609-5497 |
| Fax: 844-921-1022 | |
| | */s/* Matthew C. Luzadder |
| */s/* Eiman Sharmin | Matthew C. Luzadder, Esq. |
| Eiman Sharmin, Esq. | FBN: 0011286 |
| FBN: 716391 | Email: mluzadder@kelleydrye.com |
| Email: eiman@sharminlaw.com | *Counsel for Defendant* |
| *Counsel for Plaintiff* | *Coinbase, Inc.* |

**KATTEN MUCHIN ROSENMAN LLP**
1919 Pennsylvania Ave NW, Suite 800
Washington, DC 20006
Telephone: (202)625-3553

*/s/* Eric T. Werlinger
Eric T. Werlinger, Esq.
Bar. No. 24084072
Email: eric.werlinger@katten.com
*Counsel for Defendant*
*Space Coast Credit Union*